UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY K. DAFFRON, INDIVIDUALLY AND ON BEHALF OF MABLE DAFFRON, ET AL | NO. _____ |
| V. | |
| SOUTHERN DIALYSIS SERVICES, INC., ET AL | |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come defendants, Fresenius Medical Care Louisiana Dialysis Group, LLC ("**Fresenius**"), and Bio-Medical Applications of Louisiana, LLC d/b/a Southern Dialysis Services a/k/a Fresenius Medical Care Houma ("**BMA**"), incorrectly named in the Petition for Damages as "Fresenius Medical Care Louisiana Dialysis Group, LLC" ("Fresenius"), which, pursuant to 28 U.S.C. §1441 and §1446, respectfully file this Notice of Removal.

1.

On July 9, 2013, Mary K. Daffron, individually and as Administratrix of the estate of Mable Daffron, Beverly Boudreaux, and Betty Ann Pellegrin ("**Plaintiffs**"), filed a Petition for Damages against Fresenius and Southern Dialysis Services, Inc. ("Southern Dialysis") in the 32nd Judicial District Court, Parish of Terrebone, State of Louisiana. The Petition is styled, "*Mary K. Daffron, Individually as an Heir, and as Succession Administratrix of Mable Daffron, Beverly Boudeaux, and Betty Ann Pellegrin, individually and as an heir of Mable Daffron, and additionally on behalf of Mable Daffron v. Southern Dialysis Services, Inc. and Fresenius Medical Care Louisiana Dialysis Group, LLC*," No. 169,975, Division E.  A copy of the citation,

648233.1

return of service, and all pleadings served on Fresenius are attached hereto *in globo* as **Exhibit "A"**.

## PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

2.

Removal must be filed within thirty (30) days of formal service of process upon the defendant and no later than within one year of the commencement of the action. 28 U.S.C. § 1446. Fresenius was served through its registered agent on July 22, 2013. Fresenius has no involvement in this matter and was incorrectly named as a defendant. BMA is the proper party defendant to the allegations asserted in Plaintiff's Petition. The location of the alleged incident at issue is operated by BMA, not by Fresenius. Moreover, the care provided to the deceased, Mable Daffron, was provided by BMA, not Fresenius. However, Fresenius is a wholly-owned subsidiary of BMA, and both entities have the same registered agent for service of process, which was formally served on July 22, 2013. Although Fresenius was incorrectly named, out of an abundance of caution, both Fresenius and BMA file this Notice of Removal within thirty (30) days of service of a copy of the initial pleading upon Fresenius, and within one year of the commencement of the action.

3.

Pursuant to 28 U.S.C. §1441(a), venue is appropriate in the United States District Court for the Eastern District of Louisiana because it embraces Terrebone Parish, the place where the state court action is pending.

4.

Consent to removal is required only from the defendants who have been properly joined and served with process in the state court action. *Getty Oil Corp. v. Ins. Co. of America*, 841 F.2d 1254, 1262 (5th Cir. 1988). Fresenius and BMA jointly file and consent to this Notice of

Removal.  Moreover, as is discussed below, Southern Dialysis is an improperly joined party. Thus, Fresenius and BMA need not obtain the consent of Southern Dialysis.

5.

Contemporaneous with the filing of this Notice of Removal, Fresenius and BMA have given the 32nd Judicial District Court, Parish of Terrebone, State of Louisiana, written notice of the same, a copy of which is attached hereto as ***Exhibit "B"***.

### REQUISITE AMOUNT IN CONTROVERSY IS SATISFIED

6.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

7.

In a suit removed on the basis of diversity jurisdiction, the claim at issue must exceed $75,000.00.  28 § U.S.C. 1332.  In this case, the Petition for Damages does not specify the amount of damages Plaintiffs seek.  However, diversity jurisdiction exists where it is "facially apparent" from the petition that the claimed damages exceed $75,000.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) ("The defendant may prove [the amount in controversy] by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.").

8.

Here, the Petition for Damages alleges that on February 11, 2011, Mable Daffron went to Fresenius Medical Care (BMA) for dialysis treatment.  The Petition alleges that after Mable Daffron received treatment, she was being transferred back to her wheelchair *via* a Hoyer lift and while being re-positioned sustained a fracture to her right femur.  The Petition for Damages

further alleges that Mable Daffron underwent an open reduction internal fixation the following day.  The Petition further alleges that Mable Daffron's death, which occurred on March 26, 2011, was caused by the negligence of the defendants.  Plaintiffs have filed a survival action seeking damages for Mable Daffron's pain and suffering, her death, and past medical expenses.  *See* **Petition, p. 2, Exhibit "A"**.

9.

The Petition further alleges that defendants are liable to Plaintiffs for the wrongful death of Mable Daffron.  *Id.* **at p. 3**.

10.

The Fifth Circuit has held that survival actions and claims for wrongful death satisfy the amount-in-controversy requirement.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (the amount-in-controversy requirement was satisfied where the case involved claims for "wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses").

11.

As a result of the foregoing allegations, Fresenius and BMA submit that the amount in controversy in the above entitled action, exclusive of interest and costs, exceeds the jurisdictional amount of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS set forth in 28 U.S.C. §1332 and incorporated in 28 U.S.C. §1441(a), which allows removal of a state court action to federal court.

- 5 -

## COMPLETE DIVERSITY EXISTS BETWEEN THE PROPERLY JOINED PARTIES

12.

For subject matter jurisdiction to exist pursuant to 28 U.S.C. 1332, no defendant can be a citizen of the same state as any plaintiff. Complete diversity exists in this case in accordance with the following:

13.

Plaintiffs are citizens of the State of Louisiana. *See* **Exhibit "A,"p. 1**.

14.

Defendant, BMA, is a limited liability company. For purposes of diversity jurisdiction, a limited liability company assumes the citizenship of each of its members. *Greenville Imaging, LLC v. Washington Hosp. Corp.*, 326 Fed.Appx. 797 (5th Cir. 2009). Here, the sole member of BMA is Bio-Medical Applications of Maryland, Inc., a Delaware corporation with its principal place of business in Massachusetts. Accordingly, BMA is a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction, and is therefore diverse from the Plaintiffs, who are all Louisiana citizens.

15.

Defendant, Fresenius, is also a limited liability company. Fresenius' sole member is BMA, a limited liability company, whose sole member is Bio-Medical Applications of Maryland, Inc., a Delaware corporation with its principal place of business in Massachusetts.

16.

The only non-diverse defendant in the case is Southern Dialysis Services, Inc. ("Southern Dialysis"), a Louisiana Corporation with its principal place of business also in Louisiana. However, Southern Dialysis is improperly joined in this litigation, as plaintiffs did not, and

648233.1

cannot, articulate a reasonable basis to recover against Southern Dialysis for their alleged damages.[1] When a party is improperly joined, it is not necessary to obtain their consent to removal. *Cousin v. Diabetes Management and Supplies*, 2013 WL 211072 (E.D. La. 2013) ("The Court...finds that the Notice of Removal was procedurally proper because the evidence indicates that the Notice was timely filed and because the consent of DMS, an improperly joined party, was not necessary."); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined.").

17.

The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity, effectively preventing a plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse defendant in a complaint . *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Id.* In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is... [a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).

18.

A showing of improper joinder can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333

---

[1] Courts historically have called this the "fraudulent joinder" doctrine. In *Smallwood v. Ill. Cent. R.R., Co.*, however, the Fifth Circuit adopted the term "improper joinder," finding it more consistent with the related statutory language while noting there is "no substantive difference" between the terms. 385 F.3d. 568, 571 (5th Cir. 2004) (*en banc*).

(5th Cir. 2004).

19.

Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). However, where a complaint states a claim that satisfies Rule 12(b)(6), but has "misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The purpose of the inquiry is limited to identifying "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*

20.

In this case, Plaintiffs mistakenly imply that at the time of Mable Daffron's alleged accident, "Southern Dialysis Services, Inc." was providing medical care or transportation services to Mable Daffron. In reality, Southern Dialysis was not in any way associated with the events in question.

21.

The named defendant, "Southern Dialysis Services, Inc.", is a separate and distinct entity from defendant, Bio-Medical Applications of Louisiana, LLC d/b/a *Southern Dialysis Services West Lafayette* a/k/a Fresenius Medical Care Houma ("BMA"), and is also separate and distinct from defendant, Fresenius.

22.

The alleged accident at issue in this litigation occurred on premises operated by defendant, BMA. At the time of the incident, Mable Daffron was receiving treatment and/or was being transported by BMA personnel. The alleged incident did not occur upon premises owned or operated by Southern Dialysis Services, Inc. and did not involve its healthcare providers or

employees.

23.

Moreover, under Louisiana law, Plaintiffs must first present a medical malpractice claim to the Louisiana Medical Review Panel ("MRP") before they can proceed in the district courts. La. R.S. 40:1299.47(B). That Southern Dialysis Services, Inc. has nothing to do with this incident is confirmed by the fact that Plaintiffs did not name Southern Dialysis Services, Inc. as a party in Plaintiffs' case before the MRP. ***See Plaintiff's Petition for Damages, Medical Review Panel Opinion and Reasons, attached as Exhibit "A".*** As such, it is clear Plaintiffs have no cause of action against "Southern Dialysis Services, Inc.," and it has been improperly joined as a defendant. Southern Dialysis' improper joinder in this action cannot and does not defeat diversity jurisdiction.

24.

Based on the foregoing, diversity jurisdiction is present, as all plaintiffs are completely diverse from all properly joined defendants and the amount in controversy exceeds $75,000.00

**WHEREFORE**, defendants, Fresenius Medical Care Dialysis Group, LLC and Bio-Medical Applications of Louisiana, LLC d/b/a Southern Dialysis Services a/k/a Fresenius Medical Care Houma, pray that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that this Court enter such orders as may be proper in the premises.

                By Attorneys,

                By s/ Erick Y. "Hiko" Miyagi
                   Erick Y. Miyagi (#22533)
                   John M. Parker, Jr. (#32629)
                   Taylor, Porter, Brooks & Philips, LLP
                   451 Florida Street, 8th Floor
                   P.O. Box 2471
                   Baton Rouge, LA 70801/70821
                   Phone: (225) 387-3221
                   Fax: (225) 346-8049
                   *Attorneys for Defendants, Fresenius and BMA*

### -CERTIFICATE OF SERVICE-

      The undersigned hereby certifies that on this 16th day of August, 2013, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system and served via courier to the 32nd JDC, Terrebone Parish Clerk of Court, and via certified mail, return receipt requested, upon the following:

Timothy Ellender, Jr.
254 Barrow Street
Houma, Louisiana 70361
*Attorney for Plaintiffs*

                   s/ Erick Y. "Hiko" Miyagi
                   ERICK Y. "HIKO" MIYAGI

648233.1